UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARVIE L. MCCALL, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFF <br><br> v. <br><br> WRIGHT WASTE MANAGEMENT, LLC AND BECKY WRIGHT, INDIVIDUALLY, <br><br> DEFENDANTS | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:18-cv-2127 |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Harvie L. McCall, on behalf of himself and all others similarly situated, files this Original Collective Action Complaint against Defendants Wright Waste Management, LLC, and Becky Wright, Individually ("Defendants").

### I. PRELIMINARY STATEMENT

1.1 This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendant Wright Waste Management, LLC ("WWM") is a Houston based company that specializes in providing recycling services for commercial and industrial businesses. Mr. McCall is a driver who collects and transports materials to be recycled within the Houston area.

1.2 Harvie L. McCall, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation

expenses, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay overtime premiums to their employees for hours worked in excess of forty hours per week.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants Wright Waste Management, LLC because this entity conducts business in Texas and has entered into relationships with McCall in Texas and has committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and because Defendant WWM's principal offices are in Houston, Texas.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Harvie L. McCall is an individual residing in Harris County, Texas.   His notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.

**B.     Defendants**

3.2     Defendant Wright Waste Management, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Houston, Texas.

3.3     Wright Waste Management, LLC was an employer of McCall and those similarly situated as defined by 29 U.S.C. §203(d).

3.4     Wright Waste Management, LLC can be served with process by serving its registered agent for service of process, Stratton Wright, at 601 Jefferson Street, No. 4000, Houston, Texas 77002, or at 10245 Kempwood Dr., Suite E109, Houston, Texas 77043, or wherever else he may be found.

3.5     Defendant Becky Wright is an individual residing in Houston, Texas.

3.6     Becky Wright was an employer of McCall and those similarly situated as defined by 29 U.S.C. §203(d).

3.7     Becky Wright can be served with process at 10245 Kempwood Dr., Suite E109, Houston, Texas 77043 or wherever else she may be found.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendants Wright Waste Management, LLC had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have each been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including McCall and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant Wright Waste Management, LLC has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, McCall and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants employed Harvie L. McCall during the three-year period preceding the filing of this Complaint. Specifically, Defendants employed Mr. McCall from November 2017 through June 2018.

5.2     Defendants paid Harvie L. McCall and all those similarly situated a salary.

5.3     Harvie L. McCall and all those similarly situated consistently worked over forty hours per week.

5.4     Harvie L. McCall and all those similarly situated were non-exempt employees.

5.5     Defendants failed to pay Harvie L. McCall and all those similarly situated overtime premiums for any hours worked over forty per week.

5.6     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.7     Defendants maintained and exercised the power to hire, fire, and discipline McCall and those similarly situated during their employment with Defendants.

5.8     McCall and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.9     As an owner/manager/supervisor for Defendant WWM, Becky Wright independently exercised control over the work performed by McCall.

5.10    Becky Wright is responsible for running the day-to-day operations of Defendant WWM.

5.11    Becky Wright, acting directly in the interest of Defendant WWM, determined the wages to be paid to McCall and those similarly situated.

5.12    Becky Wright, acting directly in the interest of Defendant WWM, determined the work to be performed by McCall and those similarly situated and monitored and directed such work on a regular basis.

5.13    Becky Wright, acting directly in the interest of Defendant WWM, determined the locations where McCall and those similarly situated would work.

5.14    Becky Wright, acting directly in the interest of Defendant WWM, determined the hours of McCall and those similarly situated.

5.15    Becky Wright, acting directly in the interest of Defendant WWM, determined the conditions of employment for McCall and those similarly situated.

5.16    Becky Wright, acting directly in the interest of Defendant WWM, maintained employment records on McCall and those similarly situated.

5.17    Becky Wright, acting directly in the interest of Defendant WWM, possessed and, in fact, exercised the power to hire, fire and discipline McCall and those similarly situated.

5.18   At all times relevant hereto, Defendants knew of, approved of, and benefited from the regular and overtime work of McCall and those similarly situated.

5.19   Defendants did not make a good faith effort to comply with the overtime provisions of the FLSA.

5.20   Defendants' actions were willful and in blatant disregard for the federally protected rights of McCall and those similarly situated.

## VI.   COLLECTIVE ACTION ALLEGATIONS

6.1   Other employees have been victimized by the pattern, practice, and policy of Defendants that is in violation of the FLSA.  McCall is aware that the illegal practices and policies of Defendants have been imposed on other workers.

6.2   McCall brings his claim for relief on behalf of all persons who worked for Defendants as drivers at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3   Defendants paid McCall and the Collective Class on a salary basis and suffered and permitted them to work more than forty hours per week.  Defendants did not pay McCall or the Collective Class overtime compensation for any hours worked beyond forty per week.

6.4    McCall's experiences are typical of the experiences of other similarly situated employees.

6.5   Defendants' operations with respect to McCall and the Collective Class and wages paid to McCall and the Collective Class are substantially similar, if not identical.

6.6   Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of McCall and the Collective Class.

6.7     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.8     McCall brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  McCall brings these claims on his behalf and on behalf of those similarly situated who have not been fully compensated under the FLSA for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.9     McCall requests that Defendants WWM and Becky Wright identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.10    Plaintiff Harvie L. McCall seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by McCall's counsel as required by 29 U.S.C. § 216(b).

### VII.   CAUSES OF ACTION:  VIOLATION OF THE FLSA
#### Failure to Pay Overtime Wages

7.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2     McCall and all others similarly situated are non-exempt employees.

7.3     As non-exempt employees under the FLSA, if McCall and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime pay at a rate that is not less than one and one-half the regular rates of pay at which they were employed.

7.4     Over the course of the relevant period, McCall and all others similarly situated routinely worked in excess of forty hours per week.

7.5    Even though McCall and all others similarly situated routinely worked in excess of forty hours per week, Defendants failed to pay them at least one and one-half their regular rates of pay for any hours they worked in excess of forty per week.

7.6    Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay McCall and all others similarly situated overtime premiums for those hours worked over forty per workweek.

7.7    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the true number of hours worked per workweek by McCall and all others similarly situated.

7.8    No excuse, legal justification or exemption excuses Defendants' failure to pay McCall and all others similarly situated overtime compensation for hours worked over forty in a workweek.

7.9    Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

7.10   McCall and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Harvie L. McCall on behalf of himself and all others similarly situated respectfully prays that Defendants Wright Waste Management, LLC and Becky Wright be cited to appear, and that, upon trial of this matter, Plaintiff Harvie L. McCall and the Collective Class recover the following against Defendants, jointly and severally:

a.  Actual damages for the full amount of their unpaid overtime compensation;

b.  Liquidated damages in an amount equal to their unpaid overtime compensation;

c.  Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d.  Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.  Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
WELMAKER LAW PLLC
PO Box 150728
Austin, Texas 78715
Phone: (512) 799-2048
Fax: (512) 253-2969
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**