IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| HARVIE L. MCCALL, ON BEHALF, OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:18-cv-2127 |
| WRIGHT WASTE MANAGEMENT, LLC AND BECKY WRIGHT, INDIVIDUALLY | § § § § § | |
| *Defendants*. | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants, Wright Waste Management, LLC ("WWM") and Becky Wright ("Wright"), file this Original Answer to the Plaintiff's, Harvie L. McCall, on behalf of himself and all others similarly situated, Original Collective Action Complaint. Defendants file their answer using the same paragraph numbering as used in the Complaint, and would show as follows:

### A. ADMISSIONS & DENIALS

1.1     Defendants admit Plaintiff asserts a FLSA overtime claim. WWM admits it maintains its principal office in Houston, Texas. WWM admits it provides recycling services, but denies the allegations regarding specialization. Defendants admit the allegations regarding McCall as a driver but deny that the activities noted are limited to the Houston area.

1.2     Defendants admit Plaintiff alleges a claim for relief as stated but deny that Plaintiff is entitled to any relief.

1.3.    Deny.

2.1     Admit.

2.2     Defendant WWM admits the Court has personal jurisdiction over WWM, but denies for lack of information and clarity the statement that WWM entered into relationships with Plaintiff and denies that WWM committed actions which gave rise to this cause of action.

2.3     Defendants deny the allegations asserted as to a violation of FLSA, however for purposes of bringing such a cause of action, venue would be proper in Harris County, Houston, Texas, in the Federal Court of the Southern District of Texas.

3.1     Defendants admit Plaintiff is an individual but Defendants are without sufficient information to admit or deny the allegations regarding Plaintiff's residence.

3.2     Admit.

3.3     WWM admits as to employment of Plaintiff, but Defendants are without sufficient information to admit or deny the allegations regarding unidentified individuals who Plaintiff may contend are similarly situated.

3.4     Admit.

3.5     Admit

3.6     Deny.

3.7     Admit.

4.1     No response required.

4.2     Admit.

4.3     Deny, and deny to the extent this paragraph constitutes a legal conclusion.

4.4     Deny, and deny to the extent this paragraph constitutes a legal conclusion.

4.5     Deny, and deny to the extent this paragraph constitutes a legal conclusion.

4.6     Deny, and deny to the extent this paragraph constitutes a legal conclusion.

4.7     Deny, and deny to the extent this paragraph constitutes a legal conclusion.

4.8     Deny, and deny to the extent this paragraph constitutes a legal conclusion.

5.1     Admit that WWM employed Plaintiff, but deny that Wright employed Plaintiff.

5.2     Deny.

5.3     Deny.

5.4     Deny.

5.5     Deny.

5.6     Admit as to WWM, deny as to Wright.

5.7     Admit as to WWM, deny as to Wright.

5.8     Admit as to WWM, deny as to Wright.

5.9     Deny.

5.10    Deny.

5.11 Deny.

5.12 Deny.

5.13 Deny.

5.14 Deny.

5.15 Deny.

5.16 Deny.

5.17 Deny.

5.18 Deny.

5.19 Deny.

5.20 Deny.

6.1 Deny.

6.2 Deny.

6.3 Deny.

6.4 Deny.

6.5 Deny.

6.6 Deny.

6.7     Deny.

6.8     Admit as to the allegations, but deny this case is a proper for a collective action, and denies that Plaintiff or any other individuals are entitled to relief under the FLSA.

6.9     No response required, however Defendants deny this case is a proper for a collective action, and deny that Plaintiff or any other individuals are entitled to relief under the FLSA.

6.10    No response required, however Defendants deny this case is a proper for a collective action, and deny that Plaintiff or any other individuals are entitled to relief under the FLSA.

7.1     No response is required, however Defendants reassert their prior responses to prior paragraphs as if fully set forth herein.

7.2     Deny.

7.3     Deny.

7.4     Deny.

7.5     Deny.

7.6     Deny.

7.7     Deny.

7.8     Deny.

7.9 Deny.

7.10 No response required, however Defendants deny this case is a proper for a collective action, and deny that Plaintiff or any other individuals are entitled to relief under the FLSA.

Defendants deny Plaintiff's prayer for relief, which does not require an admission or denial. Defendants deny Plaintiff is entitled to recover and/or receive any of the relief sought under the prayer for relief and deny that this case is proper for a collective action. Defendants deny all other allegations in the prayer for relief.

## B. DEFENSES & AFFIRMATIVE DEFENSES

1. Plaintiff's claims fail to state a claim against Wright upon which relief can be granted because, among other reasons, Wright did not employ Plaintiff. Wright's remaining defenses that follow are made subject to the defense that Wright did not employ Plaintiff.

2. Defendants are not liable because Plaintiff is exempt under FLSA with respect to overtime pursuant the Motor Carrier Act ("MCA") Exemption. 29 U.S.C. § 213(b)(1)

3. Defendants deny liability, but alternatively assert that any acts or omissions giving rise to this action were taken in good faith and with reasonable grounds for believing such acts or omissions were not in violation of the FLSA; therefore, Plaintiff is not entitled to liquidated damages.

4. Defendants deny liability, but alternatively assert that Defendants' actions were taken in good faith in conformity with and in reliance upon a written administrative regulation, order, ruling, approval or interpretation of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

5. Defendants deny liability, but alternatively assert that any alleged violation was neither knowing nor in reckless disregard for whether Defendants' actions complied with the FLSA and that Defendants' alleged actions or omissions do not constitute a willful violation of the FLSA or any other law, regulation, rule, or guideline; therefore, the two-year statute of limitations should apply, and any claims arising more than two years prior to the filing of a consent to join this action by Plaintiff (or any future individuals by way of joining the alleged collective action) are barred by the statute of limitations set forth in 29 U.S.C.§ 255(a).

6. Defendants deny liability, but in the alternative assert, assuming arguendo that if there is a finding that Plaintiff is entitled to overtime wages, Defendants are entitled to an offset or credit for amounts actually received by Plaintiff, including but not limited to any premiums received by Plaintiff or any monies received by Plaintiff for non-compensable activities or time.

7. Defendants deny liability, but in the alternative assert, assuming arguendo that if there is a finding that Plaintiff is entitled to overtime wages, that any non-working hours must be excluded from any calculation of potential liability, regardless of whether the time was compensated.

8. The claims of Plaintiff fail, in whole or in part, to the extent that Plaintiff seeks compensation for activities that are considered non-compensable under the Portal-to-Portal Act.

## C. PRAYER

For these reasons, defendant asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award defendant all other relief the Court deems appropriate.

Respectfully submitted,
By:/s/ *Tim R. Sutherland*
Tim R. Sutherland
SDTX I.D. No.: 1366998
TX Bar No.: 24079824
2929 Allen Parkway Suite 200
Houston, Texas 77019
Telephone: (713) 300-1946
Fax: (832) 201-9846
E-mail: tim@businesslegaltx.com
*Attorney-in-Charge for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July 2018, a true and correct copy of this document was served on counsel for Plaintiff by the CM/ECF filing system.

By:/s/ *Tim R. Sutherland*